**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2327
_____

JEFFREY GIBSON,
                                        Appellant

v.

PENN WASTE INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-01890)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on January 16, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: February 4, 2025)

_____

—————

OPINION[*]

—————

PER CURIAM

Jeffrey Gibson filed a complaint against Penn Waste, Inc., alleging that it billed him for collecting garbage that it did not collect. The District Court dismissed his complaint for lack of subject matter jurisdiction. On Gibson's appeal, we affirmed the dismissal on the alternate grounds that his complaint did not state a claim on which relief could be granted and that leave to amend was not warranted. *Gibson v. Penn Waste Inc.*, C.A. No. 21-1139 (order entered Oct. 27, 2021).

At issue here is a motion to reopen the case that Gibson filed with the District Court over two and a half years later. Gibson asserted that Penn Waste continued to bill him for collecting uncollected garbage, and he attached a recent bill. He did not acknowledge, much less address, our reasons for affirming the dismissal of his complaint. The District Court construed Gibson's motion as one under Fed. R. Civ. P. 60(b)(6) and denied it because he did not state grounds for such relief.

Gibson appeals. We review the denial of relief under Rule 60(b)(6) for abuse of discretion, *see Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017), and we may summarily affirm when an appeal presents no substantial question, *see* 3d Cir. L.A.R. 27.4(a) (2011). We will affirm in this case because Gibson did not assert any "extraordinary

—————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

circumstances" as necessary for Rule 60(b)(6) relief, *Satterfield*, 872 F.3d at 158 (cleaned up), and did not assert grounds for relief under any other provision of Rule 60(b) either. Thus, we will affirm the judgment of the District Court.